IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CITI TRENDS, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| | | Civil Action No. RDB-17-1763 |
| v. | * | |
| COACH INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On February 6, 2018, this Court denied Plaintiffs Citi Trends, Inc. and Kelly Martin's (collectively, "Plaintiffs" or "Citi Trends") Motion to Amend the Complaint for a Declaratory Judgment against Defendants Coach Inc. and Coach Services, Inc. (collectively, "Defendants" or "Coach"), granted Defendants' Motion to Dismiss Plaintiffs' Complaint, and found Plaintiffs' Motion to Stay and Motion to Compel moot. (ECF Nos. 29, 30.) Currently pending before this Court is Defendants' Motion for Attorney Fees.[1] (ECF No. 31.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendants' Motion (ECF No. 31) is GRANTED in the amount of **$154,565 in attorney's fees**.[2]

## BACKGROUND

This case stems from Coach, Inc., and Coach Services, Inc.'s (collectively, "Coach" or "Defendants") allegations that Citi Trends, Inc. and its buyer, Kelly Martin (collectively,

---

[1] Plaintiffs have filed the pending Motion pursuant to the Lanham Act, 15 U.S.C. § 1117(a), Rule 54(d)(2) of the Federal Rules of Civil Procedure, and Local Rule 109.2 (D. Md. 2016).
[2] Also pending is Plaintiffs' Motion for Leave to File a Surreply. (ECF No. 37.) Because the Motion addresses a legal issue already raised by Plaintiffs in their Opposition to the Motion for Attorney's Fees, this Motion is DENIED.

1

"Plaintiffs" or "Citi Trends"), attempted to sell counterfeit handbags that were seized by the United States Bureau of Customs and Border Protection ("CBP") in the Port of Long Beach, California.[3] In April of 2017, Coach contacted Citi Trends regarding its infringement on one or more of Coach's trademarks and attached a draft complaint asserting claims against Citi Trends and Martin. The draft complaint indicated that it would be filed in the United States District Court for the Central District of California. After Citi Trends received the letter and draft complaint, the parties engaged in a series of communications and document exchanges. When it appeared such discussions were fruitless, Coach made a financial demand and indicated that if it did not receive the monetary demand by June 30, 2017, it would file its suit against Plaintiffs in California.

Three days before that deadline, on June 27, 2017, Plaintiffs filed a Complaint in this Court under the Declaratory Judgment Act,[4] seeking a declaratory judgment that the handbags were not counterfeit and did not infringe on Defendants' trademarks, and their actions had not subjected them to liability under the Lanham Act, 15 U.S.C. §§ 1114, 1124, 1125(a); Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a); Unfair Competition in violation of Cal. Bus & Prof. Code § 17200 *et seq.*; or California common law unfair competition. The next day, Coach filed its complaint in the California court[5] and also filed a Motion to Dismiss Plaintiffs' Complaint in this Court, asserting that this Court did not have jurisdiction over Plaintiffs' claims on two grounds.

---

[3] The full background of this case is set forth in this Court's February 6, 2018 Memorandum Opinion, *Citi Trends, Inc. v. Coach, Inc.*, No. RDB-17-1763, 2018 WL 723792 (D. Md. Feb. 6, 2018).

[4] The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

[5] *See Coach Inc., et al. v. Citi Trends, Inc., et al.*, Case No. 2:17-cv-04775-DMG-KS.

In response to Coach's Motion to Dismiss, Plaintiffs filed a Motion to Amend the Complaint related to Coach's first ground for dismissal. In the Motions, the parties disagreed with respect to the handbags asserted to be at issue in the April 25, 2017 letter Coach sent Citi Trends, the draft complaint Coach eventually filed in the California Court, and Citi Trend's Complaint in this Court. The Plaintiffs Original Complaint sought "a declaration that the *Subject Bags* do not contain counterfeit marks and do not infringe upon Defendant's trademarks." (Compl., ECF No. 1 at ¶ 37) (emphasis added). These "Subject Bags" were bags that Citi Trends had purchased, received, and sold, and for which it received approximately $44,839 in profits. (*Id.* at ¶¶ 16-17.)

Coach's first ground for dismissal then drew a distinction between *two* types of "Subject Bags," and argued that Coach's April 25, 2017 letter and its draft complaint only threatened litigation for goods *seized* by agents of CBP, while Plaintiffs' Complaint solely related to goods that passed inspection and were *sold* into U.S. commerce. Accordingly, because a "real and substantial dispute" must exist to bring a complaint under the Declaratory Judgment Act,[6] Coach argued that there was not a dispute as to the sold goods upon which Plaintiffs' Complaint sought relief. Therefore, the Plaintiffs sought to amend the complaint in order to clearly seek a declaratory judgment relating to both the sold and seized goods, which Coach opposed. (ECF No. 19 at 6.) Coach's second ground for dismissal argued that regardless of whether this Court granted the Motion to Amend, this Court

---

[6] For an actual controversy to exist under the Declaratory Judgment Act, a plaintiff must show a dispute that is "real and substantial" and "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764 (2007) (citation omitted). In trademark litigation, there is a case or controversy if the party seeking the declaratory judgment has been threatened with an infringement or dilution suit. *TEKsystems, Inc. v. TekSavvy Solutions, Inc.*, No. ELH-16-4215, 2017 WL 4805234 (D. Md. Oct. 25, 2017) (citing 3-11 *Gilson on Trademarks* § 11.04).

should decline to exercise jurisdiction under the Declaratory Judgment Act because Plaintiffs had engaged in forum shopping.

This Court granted the Motion to Dismiss on Coach's second ground, finding good reason to decline to exercise jurisdiction under the Declaratory Judgment Act. Specifically, based on the facts described above, this Court found that Plaintiffs had waited until Coach's suit was "so certain or imminent," that filing suit in this Court was "an improper act of forum shopping." *LWRC Intern., LLC v. Mindlab Media, LLC*, 838 F.Supp.2d 330, 338 (D. Md. 2011) (quoting *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 Fed. App'x. 297, 301 (4th Cir. 2001)). Upon this Court's dismissal of Plaintiffs' suit, Plaintiffs withdrew a motion to dismiss they had filed in the United States District Court for the Central District of California on the basis that they had been the "first-to-file."[7] *Coach Inc., et al. v. Citi Trends, Inc., et al.*, Case No. 2:17-cv-04775-DMG-KS, at ECF Nos. 19, 33. Plaintiffs then filed an answer to Coach's complaint, which did not assert any counterclaims. *Id.* at ECF No. 35. Samuel R. Watkins, Counsel for Coach, now seeks compensation for the time that he spent defending this action.

## STANDARD OF REVIEW

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a); *see also Retail Services, Inc. v. Freebies Publishing*, 364 F.3d 535, 553 (4th Cir. 2004). Coach asserts that it is entitled to attorney's fees because it is a prevailing party in this litigation and Plaintiffs' forum shopping

---

[7] In this context, "the first-to-file rule 'gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.'" *Neuralstem, Inc. v. StemCells, Inc.*, 573 F.Supp.2d 888, 900 (D. Md. 2008) (quoting *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n. 2 (4th Cir. 1974)).

4

made this case exceptional. Citi Trends asserts both that Coach is not a prevailing party and Coach has not shown that exceptional circumstances warrant awarding attorney's fees. This Court addresses these arguments in turn.

## ANALYSIS

### I. Coach is a prevailing party

Plaintiffs argue that Coach is not a "prevailing party" under the Lanham Act given that this Court dismissed Plaintiffs' suit for lack of jurisdiction rather than on the merits. In *CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission*, ___ U.S. ___, 136 S. Ct. 1642 (2016), the United States Supreme Court held that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party'" under Title VII's attorneys fee provision. 136 S. Ct. at 1651. The Court explained that "[c]ommon sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits." *Id.* Rather, a defendant "fulfill[s] its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.* Although the Court's opinion pertained to Title VII's fee-shifting provision, the Court noted that "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." *Id.* at 1646.

Recently in *Raniere v. Microsoft Corporation*, ___ F.3d ___, 2018 WL 1832864 (Fed. Cir. Apr. 18, 2018), the United States Court of Appeals for the Federal Circuit considered whether a defendant was a "prevailing party" under the Patent Act, 38 U.S.C. § 285, after

5

successfully dismissing the plaintiff's claims with prejudice for lack of standing. The court rejected the plaintiff's argument that there needed to be an adjudication on the merits in order to be a prevailing party. *Id.* at *4. Rather, the court cited *CRST*'s holding that "a favorable judgment on the merits is *not* necessary for a defendant to be deemed a prevailing party for purposes of statutory fee-shifting," *id.* (citing *CRST*, 136 S. Ct. 1642) (emphasis added), and "[o]ur sister circuits have interpreted *CRST* to mean that, if a defendant succeeds on a jurisdictional issue, it may be a prevailing party." *Id.* at *6 (citing *Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313 (1st Cir. 2017) (holding that the defendant was a prevailing party after obtaining dismissal for lack of standing under the Copyright Act); *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696 (9th Cir. 2017) (holding that the defendant was a prevailing party after obtaining dismissal for lack of subject matter jurisdiction under the False Claims Act)). The court concluded by instructing that:

> The relevant inquiry post-*CRST*, then, is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision—"a judicially sanctioned change in the legal relationship of the parties"—effects or rebuffs a plaintiff's attempt to effect a "material alteration in the legal relationship between the parties." *CRST*, 136 S. Ct. at 1646, 1651.

*Id.* at *7.[8]

This Court follows the reasoning of the First, Ninth, and Federal Circuits and holds that the Court's "prevailing party" analysis in *CRST* applies equally to the fee-shifting provision of the Lanham Act. *Raniere v. Microsoft Corp.*, 2018 WL 1832864, at *6 (Fed. Cir. Apr. 18, 2018) ("*Raniere* has not persuasively explained why we should make a distinction

---

[8] The court alternatively held that the defendant was a prevailing party "[e]ven without the benefit of *CRST*'s clarification," given that there was in fact a decision on the merits because the district court had dismissed the plaintiff's claims with prejudice. 2018 WL 1832864, at *7.

between § 285 and other statutory provisions that award attorney fees to "prevailing parties," and we see no reason to make such a distinction in light of the Supreme Court's clear command to construe the term "prevailing party" consistently across fee-shifting regimes."); *Amphastar Pharms*, 856 F.3d at 710 ("[*CRST*] made clear that its reasoning applied to other fee-shifting statutes, stating that 'Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." (quoting *CRST*, 136 S. Ct. at 1646)); *Small Justice*, 873 F.3d at 328 (citing *CRST* for the proposition that the Court interprets "prevailing party" in various fee-shifting statutes in a consistent manner).

This Court dismissed Plaintiffs' suit because there was good reason to decline to exercise jurisdiction under the Declaratory Judgment Act. *Citi Trends*, 2018 WL 723792. Accordingly, Coach "fulfilled its primary objective" by rebuffing the Plaintiffs' claims, "irrespective of the precise reason for [this C]ourt's decision." *CRST*, 136 S. Ct. at 1651; *see also Direct Fitness Solutions, LLC v. Direct Fitness Solutions, LLC*, 281 F.Supp.3d 697, 701-02 (N.D. Ill. 2017) (finding that the defendant was a prevailing party even though the court had dismissed the claims for lack of personal jurisdiction and the plaintiff could refile his claims against the defendant in another court). Accordingly, this case was resolved in Defendants' favor and Coach is a "prevailing party" under the Lanham Act.[9]

---

[9] In support of its argument, Plaintiffs cite this Court's opinion in *In re: CTP Innovations, LLC, Patent Litig.*, No. MJG-14-3888, 2017 WL 4005687 (D. Md. Sept. 12, 2017). In that case, this Court cited *Chaffin v. Braden*, No. 2016-2572, 696 Fed. App'x. 1001 (Fed. Cir. June 23, 2017) for the proposition that "[t]o be a prevailing party, our precedent requires that the party have received at least some relief on the merits," and accordingly denied the defendant's motion for attorney fees because the plaintiff's claims had been dismissed for lack of subject matter jurisdiction. 2017 WL 4005687, at *4. In reviewing *Chaffin*, this Court notes that it did not discuss *CRST* and in fact relied on a pre-*CRST* case for the proposition that some relief on the merits is required. 696 Fed. App'x. at 1007 (citing *Shum v. Intel Corp.*, 629 F.3d 1360 (Fed. Cir. 2010)). As discussed

## II. Exceptional circumstances warrant attorney's fees

Alternatively, Plaintiffs argue that this is not an "exceptional case" warranting attorney's fees. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, __ U.S. __, 134 S. Ct. 1749 (2014), the Supreme Court construed the term "exceptional" in the Patent Act's attorney's fees provision in its "ordinary meaning" and explained:

> An "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

134 S. Ct. at 1756 (footnote omitted). Subsequently, in *Georgia-Pacific Consumer Products LP v. von Drehle Corporation*, 781 F.3d 710 (4th Cir. 2015), the United States Court of Appeals for the Fourth Circuit applied the *Octane Fitness* standard to the Lanham Act's § 1117(a) attorney's fees provision.[10] The Fourth Circuit summarized *Octane Fitness* by holding that exceptional circumstances are present where, judged under the totality of the circumstances:

> (1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable, (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence.

*Id.* (internal quotation marks and citations omitted).

Coach argues that Plaintiffs unreasonably litigated this case by refusing to dismiss their claims when Coach filed suit in the California court. Relatedly, Coach asserts that the

---

above, one month ago the Federal Circuit issued its opinion in *Raniere v. Microsoft Corporation*, __ F.3d __, 2018 WL 1832864 (Fed. Cir. Apr. 18, 2018) and stated "*CRST* makes clear that a merits decision is not required." 2018 WL 1832864, at *7.

[10] The court noted that the Patent Act's § 285 attorney's fees provision is identical to that of the Lanham Act's and that Congress referenced § 285 in passing § 1117 (a). *Georgia-Pacific*, 781 F.3d at 721 (citing *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314-15 (3d Cir. 2014)).

8

frivolity and unreasonableness of Plaintiffs' claims were evident by the fact that, after this case was dismissed, Plaintiffs did not file any counterclaims in the California case. Finally, Coach asserts that it is entitled to compensation and that forum shopping should be deterred. In response, Plaintiffs argue that Coach filed an answer to Plaintiffs' Complaint and waited almost five months to file the Motion to Dismiss. (ECF No. 33 at 11 ("If the Complaint was worthy of an answer to the merits and five months of discovery, it cannot be 'exceptional' for the purpose of awarding attorneys' fees.").)

In light of the totality of the circumstances, Coach has established that this is an "exceptional case" and it is entitled to attorney's fees. As described above and as more fully set forth in this Court's Memorandum Opinion dismissing this case, *Citi Trends, Inc. v. Coach, Inc.*, No. RDB-17-1763, 2018 WL 723792 (D. Md. Feb. 6, 2018), the events giving rise to Coach's claims—upon which Plaintiffs filed their declaratory judgment suit in this Court—occurred in California. One day before the anticipated suit was filed in California, Plaintiffs filed the Complaint in this Court. Accordingly, this Court found that, as in *LWRC Intern., LLC v. Mindlab Media, LLC*, 838 F.Supp.2d 330 (D. Md. 2011), Citi Trends had filed their suit in an attempt to preempt Coach's suit and be the "first-to-file," and such forum shopping and procedural fencing warranted declining jurisdiction under the Declaratory Judgment Act. Further, it is even more apparent that attorney's fees are warranted in this case given that Plaintiffs did not file any counterclaims in the California litigation. Accordingly, this Court exercises its discretion and determines that under the totality of the circumstances this case is "exceptional" under 15 U.S.C. § 1117(a) and Coach is entitled to attorney's fees.

9

### III. Coach is entitled to $154,565 in attorney's fees

Having found that this is an exceptional case warranting the award of attorney's fees to Coach, this Court must now calculate an appropriate attorney's fees award. The calculation of a reasonable fee award, or lodestar award, is reached by multiplying the reasonable hours expended by a reasonable hourly rate. In assessing the reasonableness of the hours and rate claimed, the court considers the following twelve factors, known as the *Johnson* factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987) (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994).

Coach seeks attorney's fees in the amount of $188,430.00. (ECF No. 36 at 24.) This represents 342.6 hours, billed at a rate of $550 per hour, spent working on case development, drafting pleadings, engaging in discovery, deposing witnesses, motions practice, engaging in alternative dispute resolution, and drafting the instant motion for attorney's fees and reply to the Plaintiffs' response. (ECF Nos. 32, 36.) As discussed *infra*, a weighing of the *Johnson* factors suggests that the hours requested by Coach in its initial petition are reasonable under the circumstances of this case, but this Court will only permit

10

twenty hours of supplemental compensation with respect to additional time spent in preparation of Defendants' Reply brief. Furthermore, this Court finds that $475 per hour is the appropriate fee for Mr. Watkins' services in connection with this case.

I. **Time and labor expended**

Beginning with the factors of time and labor expended, with the slight alteration as to time spent to draft Defendants' Reply brief, the requested attorney hours calculation is reasonable given the procedural history and intricacies of this case. Plaintiffs filed their Complaint on June 27, 2017. (ECF No. 1.) Subsequently, Coach filed an Answer to the Complaint. (ECF No. 7.) After this Court issued a scheduling order on July 24, 2017, the parties jointly requested that mediation be scheduled over three months later. (ECF No. 13.) During this time, the parties exchanged requests for production and interrogatories. Further, Coach spent time preparing for and attending the deposition of a third party, Jun Zhan, which included reading Zhan's prior deposition testimony in a related case.[11] (ECF No. 32 at 17-18.) On November 6, 2017, Plaintiffs filed a Motion to Compel related to their requests for production and interrogatories, to which Coach was required to file a response. (ECF No. 17.)

On November 15, 2017, the parties engaged in a settlement conference with United States Magistrate Judge A. David Copperthite. When the settlement discussion was unsuccessful, Coach filed its motion to dismiss for lack of jurisdiction. (ECF No. 18.) On

---

[11] As noted in this Court's previous opinion, Coach asserts that Jun Zhan arranged for the importation of the goods seized in the Port of Long Beach, California. Coach also filed suit against Zhan in the United States District Court for the Central District of California. *Coach, Inc., et al. v. Jun Zhan, et al.*, Case No. 2:16-cv-05462-JFW-AFM. Counsel for Coach explains that review of Zhan's prior deposition testimony was necessary because "Plaintiffs required Mr. Zhan to produce a copy of it, and to testify about it, at his deposition in the Maryland case." (ECF No. 32 at 18.)

the day Plaintiffs filed their Response, Plaintiffs also filed a Motion to Amend the Complaint, to which Coach filed a Response. (ECF Nos. 20, 22.) Finally, over one month after Plaintiffs filed their Motion to Amend, Plaintiffs also filed a Motion to Stay the proceedings pending this Court's decision on their Motion to Compel, to which Coach also filed a response.[12]

After this Court dismissed Plaintiffs' suit and closed this case, Counsel for Coach prepared the instant motion for attorney's fees. Mr. Watkins asserts that he devoted in excess of 54.2 hours preparing the Motion for Attorney's fees, which this Court finds is a reasonable amount of time considering the nature of the Lanham Act's attorney's fees provision and the facts of this case. However, in terms of time spent filing a Reply brief to Plaintiffs' Opposition, this Court finds that 20, rather than 37.2, hours are reasonable under the circumstances.

## II. Novelty and difficulty of questions raised

Having addressed the time and labor that defending against this action required, this Court turns to the novelty and difficulty of questions raised by Plaintiffs' suit and the skill that was required to successfully obtain dismissal. As discussed above, the merits of the declaratory judgment Plaintiffs sought required Coach to engage in highly technical discovery prior to the filing of the Motion to Dismiss. The parties engaged in nuanced disagreements over what handbags were actually at issue, and it took skill and expertise to delineate between the "sold" and "seized" goods in response to Plaintiffs' Complaint, Motion to Compel, and Motion to Amend. Further, it also took skill and expertise to

---

[12] The motion to compel had been improperly filed as a Local Rule 104.7 Certificate. (ECF No. 17.)

successfully argue that Plaintiffs' suit should be dismissed under the Declaratory Judgment Act for forum shopping. Accordingly, it took Mr. Watkin's experience and skill to formulate and carry out a successful discovery plan and motions and briefing practice in order to achieve dismissal.

### III. Remaining *Johnson* factors

With regard to the remaining *Johnson* factors, Mr. Watkins has been an attorney for over twenty years, is nationally and internationally known for his contributions to the enforcement of trademark laws against counterfeiters, and has specifically represented Coach in anti-counterfeiting litigation since in 2011. (Watkins Decl., ECF No. 32-1.) He worked on a discounted rate in this case and presumably was unable to work on other cases and projects in order to defend against Plaintiffs' suit. Moreover, Coach clearly received a substantial benefit from Counsel's efforts to dismiss Plaintiffs' suit.

As to customary fee, however, Mr. Watkins asks this Court to award him attorney's fees based on his discounted rate of $550 per hour. The Local Rules of this Court, updated July 1, 2016, establish guidelines regarding hourly rates for attorneys. *See* Local Rules App. B (D. Md. 2016). For attorneys admitted to the bar for twenty years or more, the presumptive lodestar fee range is $300-475 per hour. *See id.* This Court finds that in its discretion and under the circumstances, an hourly rate of $475, the maximum rate under this Court's presumptive lodestar fee range, is appropriate for Mr. Watkins. Accordingly, accepting the Defendants' hourly calculations, with the exception of reducing counsel's time with respect to his preparation of a Reply brief to twenty hours, the adjusted award of attorney's fees is as follows: Mr. Samuel Watkins will be awarded fees for 325.4 hours, at a rate of $475 per hour,

for a total award of **$154,565.**[13]

## CONCLUSION

For the reasons stated above, Defendants' Motion (ECF No. 31) is GRANTED in the amount of **$154,565 in attorney's fees.**

A separate order follows.

Dated: May 17, 2018

*Richard D. Bennett*
Richard D. Bennett
United States District Judge

---

[13] Plaintiffs' Response to Defendants' Motion for Attorney's fees was primarily focused on whether awarding attorney's fees was appropriate and asked that "[i]n the event that the Court considers such an award, Citi Trends requests the opportunity to file a supplement memorandum addressing the details of Coach's fee request." (ECF No. 33 at 17.) By choosing to do so, Plaintiffs failed to timely respond to Defendants' specific fees calculations. Further, as discussed above, this Court weighed the *Johnson* factors and modifies Coach's request for attorney's fees as outlined.